IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES of AMERICA,

                Plaintiff,                          OPINION AND ORDER

v.                                                        24-cr-112-wmc

JODY BEHLKE,

                Defendant.

---

Defendant Jody Behlke objects to Magistrate Judge Anita Boor's report and recommendation that the district court deny his motion to suppress. (Dkt. #42 ("R&R").) In his motion, Behlke challenges the admissibility of evidence found during a probation officer's warrantless search of his home in May 2023, which forms the basis of the indictment pending against him for possession of child pornography. (Dkt. #14.) More specifically, despite having been previously convicted of using a laptop to download and save materials depicting child sexual abuse in Case No. 07-cr-155-wmc (W.D. Wis.), Behlke argues U.S. Probation Officer Alyssa Brody lacked reasonable suspicion based on the totality of the circumstances that either contraband or other evidence of a supervised-release violation would be found within his home. (Dkts. ##35, 37.)

In her R&R dated October 9, 2025, Judge Boor concluded that: Officer Brody had reasonable suspicion to search defendant's home; her suspicion was sufficiently particularized given the many red flags defendant had been exhibiting; and there was an adequate nexus between the evidence sought and the place to be searched. Behlke subsequently entered into a conditional plea agreement. (Dkt. #44.) In his objection, Behlke does not challenge the factual findings made in the R&R nor its framing of the issue. Rather, he objects to the legal conclusion that reasonable suspicion was present, adopting the same arguments raised

in his earlier briefing before the Magistrate. Therefore, the court adopts the facts set forth in Judge Boor's R&R and examines the motion's remaining legal issue: would an objective probation officer have reasonable suspicion that defendant possessed contraband gleaned from an unauthorized, internet-capable device in his home based on a totality of the circumstances? Because the court sees no basis to deviate from Judge Boor's legal reasoning on the facts, I will overrule defendant's remaining objection and adopt the entirety of the R&R.

## OPINION

A finding of reasonable suspicion requires a showing of less than probable cause but more than a mere hunch based on the totality of the circumstances. *United States v. Reedy*, 989 F.3d 548, 552 (7th Cir. 2021). "Reasonable suspicion only exists when an officer can point to 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "Ultimately, the determination of reasonable suspicion 'must be based on commonsense judgments and inferences about human behavior.'" *Id.* at 282 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000)).

Defendant argues that Probation Officer Brody had nothing more than a hunch when she conducted the warrantless search of his home. However, the record indicates otherwise. First, in the months heading up to the warrantless search, defendant began engaging in behaviors that violated the terms and conditions of his supervised release and attracted Officer Brody's scrutiny. In particular, defendant: provided inconsistent answers regarding the status of his phone; stopped submitting mandatory, monthly reports

regarding his internet access; admitted that he had failed to report using a coworker's phone; admitted to fantasizing about minors and masturbating to those fantasies, despite previously informing Officer Brody he had done neither; *and* failed to disclose these fantasies and behaviors to his treatment provider. Second, among other things, this conduct caused his probation officer to suspect that defendant violated: Special Condition 7 of his supervised release, requiring defendant to undergo psychosexual evaluations and participate in meaningful outpatient sex offender treatment (Case No. 07-cr-155, dkt. #28 at 12-13); and Special Condition 9, requiring him to notify his supervising officer of his access and use of computers (*id*. at 14). Third, defendant's behavior mirrored his behaviors in 2018, immediately before an investigation revealed that he had obtained internet access at his home without authorization and used it to view illicit images on a social media account. (Dkt. #42 at 2-6 (discussing parallel facts between defendant's first and second revocations); Case No. 07-cr-155 (dkt. #23 at 3).) Viewing these facts with the knowledge and context of defendant's criminal history, the court is satisfied that a conscientious, objective officer would have reasonably suspected that defendant was again possessing contraband, likely involving the use of internet-capable devices to view minors engaged in sexually explicit conduct, just as Officer Brody did here. *United States v. Walden*, 146 F.3d 487, 491 (7th Cir. 1998).

 Defendant also argues that even if reasonable suspicion existed for Officer Brody to suspect backsliding by defendant, there is still no nexus between his actions and an inference that any contraband would be present in his home. However, this nexus requirement for a search may also be satisfied by "reasonable inferences about where

3

evidence is likely to be found based on the nature of the evidence and the offense." *United States v. Zamudio*, 909 F.3d 172, 176 (7th Cir. 2018). So, too, in this case, just as Officer Brody had a reasonable suspicion that defendant possessed contraband, it was also objectively reasonable for her to infer that any contraband in defendant's possession would be located at his home, because that is where he has a known history of accessing and masturbating to illicit materials. Indeed, under Special Condition 2 of his ordered supervision, defendant's Fourth Amendment rights had been restricted by this court, expressly requiring him to submit his "residence" to search by his probation officer with "reasonable suspicion of contraband or of a condition of release relating to substance abuse or illegal activities." (Dkt. #32 at 10-11.) As a result, a specific nexus was not required. *See U.S. v. Campbell*, 110 F.4th 964, 973 (7th Cir. 2024) (parolee's status "significantly reduced any expectation of privacy.") Even more to the point, defendant had been affirmatively required to give his probation officer "advance notification of any device [IT] device" under Special Condition 3, *and* once found in defendant's possession, he was expressly required to "consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant." (*Id*. at 11.)

Consistent with the above, therefore, the court adopts the R&R with respect to defendant's motion to suppress and overrules defendant's remaining legal objection.

4

ORDER

IT IS ORDERED that:

1) Magistrate Judge Boor's report and recommendation (dkt. #42) is ADOPTED and defendant's motion to suppress (dkt. #14) is DENIED.

2) Defendant Jody Behlke's objection to the report and recommendation (dkt. #43) is OVERRULED.

Entered this 1st day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge